JOHN A. KIRBY *v.* PHŒNIX INSURANCE COMPANY.

EVIDENCE. *Expert testimony. Insurance.* Upon the question as to whether it was a material change of risk for insured property to become vacant during the existence of the policy, the testimony of experts, as a matter of opinion, is inadmissible. If the fact, that vacancy increases the danger of loss by fire, the reason is susceptible of proof by introduction of facts that make it so.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

BIGELOW & HILL for Kirby.

U. W. MILLER for Insurance Company.

TURNEY, J., delivered the opinion of the court.

The plaintiff insured a house in the city of Memphis in the company of the defendant for one year from May 27, 1878, at the sum of $1000. The house was burnt on the 31st of March, 1879.

The third clause of the policy is: "All material, changes of risk or ownership shall be notified to the company and assented to in writing.". Amongst other things, the defendant pleaded: "That by reason of the premises being vacant and unoccupied at the time of their alleged destruction by fire, there was a material change of risk without the knowledge or consent of defendant, the same becoming more hazardous and

dangerous." At the time of procuring the policy the house was occupied. On the trial, the defendant introduced witnesses who were, or had been connected with insurance companies, and proved by them, as experts, that it was a material change of risk for insured property to become vacant during the life of the policy. Objection to the testimony was overruled.

The testimony was incompetent. The fact, if it be so, that vacancy increases the danger of loss by fire, if material and pertinent in this case under the policy, is not a thing to be established by experts as a matter of opinion merely. If it is so, the reason is susceptible of proof by the introduction of facts that make it so. The defendant, by its plea, confesses and avoids its liability. The burden is upon it to show the avoidance by facts establishing the truth of its plea. The charge of the court treating such opinions as evidence for the consideration of the jury, was erroneous.

Reversed.